| | | |
|---|---|---|
| MICHAEL SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3:04cv638-H |
| | ) | |
| v. | ) | |
| | ) | |
| WAFFLE HOUSE, INC. | ) | |
| | ) | |
| and | ) | |
| | ) | |
| HILLCREST FOODS, INC. | ) | |
| | ) | |
| Defendants. | ) | |

## <u>CONSENT PROTECTIVE ORDER</u>

Discovery in this case may involve review of confidential, proprietary and/or sensitive business information, commercially private data and/or personal information regarding Plaintiff Michael Smith ("Plaintiff") and/or Defendants Hillcrest Foods, Inc. ("Hillcrest") or Waffle House, Inc. ("Waffle House") (collectively "Defendants"). In addition, Defendants believe that discovery in this case may involve review of personnel and employment-related documents and personal and confidential information relating to persons not parties to this litigation. Accordingly, good cause having been shown within the meaning of Federal Rule of Civil Procedure 26(c), and it appearing that the parties in this action consent to entry of this Protective Order, IT IS HEREBY ORDERED THAT:

1

As used herein, the word "document" means: (a) all papers, documents, videotapes, audiotapes, printed and/or written materials produced or furnished by, or obtained by any Plaintiff or Defendants; (b) all copies, extracts, and complete or partial summaries prepared from such papers or documents; (c) portions of deposition transcripts and exhibits thereto which relate to any such papers, documents, copies, extracts, or summaries; (d) portions of briefs, memoranda, or any other writings, filed with the Court, and exhibits thereto, which relate to any such papers, document copies, extracts, or summaries, but not (e) any materials which in the good faith judgment of counsel are work product materials.

(1)     A party furnishing documents that it contends to contain confidential information shall designate the documents as "CONFIDENTIAL" for the purposes of this Consent Protective Order. A party may designate as "CONFIDENTIAL" any document, information, or tangible item the public disclosure of which the person or entity producing it reasonably believes would result in the disclosure of trade secrets, other confidential research, development, commercial, or personal information the release of which would cause a significant financial hardship for the producer of the information, contain information which would place the producer at a significant competitive disadvantage, or provide information which would cause a party or person substantial annoyance, embarrassment,

oppression or undue burden or expense, pursuant to Rules 26(b) and 26(c)(7) of the Federal Rules of Civil Procedure. Such confidential material shall be treated as such by all parties and counsel to this litigation and shall be used exclusively in this action or as otherwise provided herein and for no other purpose.

(2) Documents, other materials and deposition testimony designated as "CONFIDENTIAL" pursuant to the terms of this Order may be disclosed only to the parties, including their employees, on a reasonable "need to know" basis, as well as the parties' attorneys (including in-house counsel and outside counsel of record and these attorneys' staff), outside experts, consultants or copy vendors, and any reinsurer or auditor to whom any party or its counsel may be required to respond or report to in the ordinary course of business regarding the subject matter of this litigation. Notwithstanding the foregoing, documents or other materials designated as "CONFIDENTIAL" pursuant to this Order may be disclosed to deponents or testifying witnesses for Plaintiff or Defendants only on an as-needed basis and only if Plaintiff's or Defendants' counsel, as appropriate, first informs each such witness of, and he or she agrees to be bound by, the terms of this Protective Order. Documents or other materials designated as "CONFIDENTIAL" pursuant to this Order may also be disclosed to the United States District Court for the Western District of North Carolina (or its

employees or agents) pursuant to the filing of a court paper in connection with this action.

(3)   To the extent any document, whether obtained through discovery or some other source, contains any person's Social Security number, that document shall be treated as "CONFIDENTIAL" as required by this Protective Order, unless the social security number is redacted such that no part of the number is legible.

(4)   Prior to disclosure to Plaintiff of documents or other materials designated as "CONFIDENTIAL" by either Defendant pursuant to this Order, Plaintiff shall execute a statement of confidentiality identical to Exhibit "A" hereto, and produce a copy of that statement to counsel for Defendant.   Prior to disclosure to any representative, employee, officer, director, or agent of a Defendant of documents or other materials designated as "CONFIDENTIAL" by Plaintiff pursuant to this Order, each such representative, employee, officer, director, or agent of that Defendant shall execute a statement of confidentiality identical to Exhibit "A," hereto, and produce a copy of that statement to counsel for Plaintiffs.

(5)   Prior to disclosure to outside experts, consultants, or copy vendors retained by a party in this action of documents or other materials designated as "CONFIDENTIAL" pursuant to this Order, such outside experts, consultants, or copy vendors shall execute a statement of

confidentiality identical to Exhibit "A," hereto. The parties shall retain a copy of such executed statements and be prepared to submit them for the Court's examination if the Court so requires, but need not produce them to opposing counsel.

(6)     Prior to disclosure to any deponent or testifying witness in this action of documents or other materials or deposition testimony designated as "CONFIDENTIAL" by any party in this action pursuant to this Order, each deponent or testifying witness shall execute a statement of confidentiality identical to Exhibit "A," hereto. A copy of the statement of confidentiality shall be produced to all counsel of record and retained by the party requesting execution of the statement of confidentiality.

(7)     If a confidential document is used or if a party believes that confidential information is disclosed during any deposition, the party may request that those specific portions of deposition testimony be treated as Confidential Information under this Protective Order. Such party shall make their "CONFIDENTIAL" designation within fifteen (15) calendar days of the date that the transcript is received by such party. The designating parties shall notify the other party in writing of the specific pages and lines of the deposition testimony that it requests be treated as Confidential Information. Until such 15-day deadline has passed, the entire deposition is presumed to be deemed "CONFIDENTIAL." After fifteen (15) calendar days, only the

specific portions of the deposition or testimony designated in writing as "CONFIDENTIAL" shall be treated as Confidential Information under this Agreed Protective Order.

(8) Documents, other materials and deposition testimony designated as "CONFIDENTIAL" pursuant to the terms of this Order are to be used only in connection with this case and shall not be used or disclosed for any other purpose or in any other proceeding whatsoever without the written authorization of the attorney of record for the designating party or by order of a court of law.

(9) Any document, information, or deposition designated as "CONFIDENTIAL" under this order shall, if filed with the court, be clearly marked "CONFIDENTIAL," sealed, placed in separate, secure storage by the clerk, and opened only by authorized court personnel.

(10) The party seeking discovery shall have the right to challenge any designation of confidentiality by notifying the other party in writing and with specificity within sixty (60) calendar days of production or within ten (10) calendar days of execution of this agreement, whichever is later. The parties must then confer in good faith regarding any such challenge within fifteen (15) calendar days. If the parties are unable to resolve a dispute regarding a confidentiality designation, the designating party will then be required to seek an order permitting the "CONFIDENTIAL" designation

with respect to the same within twenty-one (21) calendar days of the date of the written challenge. The designating party shall have the burden of proof on such motion to establish the propriety of the designation. The party seeking discovery will treat all materials or information designated as "CONFIDENTIAL" in accordance with the requirements of this Order while such motion is pending. The parties agree that before seeking any relief from the Court under this paragraph they will make a good-faith effort to resolve any disputes concerning the confidential treatment of any information.

(11) Within thirty (30) calendar days after the final termination of this litigation, all documents, transcripts or other materials afforded "CONFIDENTIAL" treatment pursuant to this Order and in the possession of either party and/or counsel for either party, including any extracts, summaries or compilations taken therefrom, but excluding any materials which in the good faith judgment of counsel are work-product materials, shall be either destroyed or returned to opposing counsel, at the option of party in possession of the confidential information.

(12) The terms of this Consent Order shall survive and remain in effect after the termination of this lawsuit. In addition to the provisions in Paragraph (11) for the return of designated materials, the parties and counsel to this case also agree that they shall take such measures as are necessary

and appropriate to prevent the public disclosure of any information contained in or learned from material designated as "CONFIDENTIAL," through inadvertence or otherwise, after the conclusion of this lawsuit.

(13)   The provisions of this Order shall not affect the admissibility of evidence at trial, summary judgment, or any preliminary evidentiary proceeding in open court in this or any case, except as directed by separate order entered for good cause shown.

SO ORDERED, this _23rd_ day of _August_ , 2005.

_Carl Horn, III_

CARL HORN, III
U.S. Magistrate Judge

CONSENTED TO BY:

*[signature: Steven Staes]*

Steven Staes
Georgia Bar No. 673992
Michael Elkon
Georgia Bar No. 243355
SEYFARTH SHAW LLP
1545 Peachtree Street, NE
Suite 700
Atlanta, GA 30308-2401
Telephone:   (404) 885-1500
Facsimile:   (404) 892-7056

Counsel for Hillcrest Foods, Inc.

*[signature]*

Parmele P. Calame
Poyner & Spruill, LLP
One Wachovia Center
301 S. College Street, Suite 2300
Charlotte, NC 28202
Telephone:   (704) 342-5315
Facsimile:   (704) 342-5264

Richard Gerakitis
Georgia Bar No. 213460
Rebecca Lyn Williams
Georgia Bar No. 763930
Theresa Y. McDaniel
Georgia Bar No. 223326
TROUTMAN SANDERS LLP
5200 Peachtree Street, N.E.
Atlanta, Georgia 30308-2216
Telephone:   (404) 885-3000
Facsimile:   (404) 962-6694

Counsel for Defendant Waffle House, Inc.

*[signature: Leslie Alderman]*

Leslie D. Alderman III
T. Cary Devorsetz
ALDERMAN & DEVORSETZ, PLLC
1025 Connecticut Avenue, NW
Suite 1000
Washington, D.C. 20036
Telephone:   (202) 969-8220
Facsimile:   (202) 969-8224

Henderson Hill (N.C. Bar No. 18563)
S. Luke Largess (N.C. Bar No. 17486)
FERGUSON, STEIN, CHAMBERS,
ADKINS, GRESHAM & SUMTER
741 Kenilworth Avenue, Suite 300
Charlotte, North Carolina 28204-5654
Telephone:   (704) 375-8461
Facsimile:   (704) 334-5654

Susan E. Huhta
WASHINGTON LAWYERS'
COMMITTEE FOR CIVIL RIGHTS
AND URBAN AFFAIRS
11 Dupont Circle, NW, Suite 400
Washington, DC 20036
Telephone:     (202) 319-1000
Facsimile:     (202) 319-1010

Angela Ciccolo
Kimberly Perkins
Latisha Richardson
NAACP
4805 Mount Hope Drive
Baltimore, MD 21215
Telephone:     (410) 580-5790
Facsimile:     (410) 358-9350
(OF COUNSEL)


Counsel for Plaintiff Michael Smith

## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

| | | |
|---|---|---|
| MICHAEL SMITH, | ) | |
| | ) | |
| Plaintiff | ) | **Civil Action No. 3:04cv638-H** |
| | ) | |
| v. | ) | |
| | ) | |
| WAFFLE HOUSE, INC. | ) | |
| | ) | |
| and | ) | |
| | ) | |
| HILLCREST FOODS, INC. | ) | |
| | ) | |
| Defendants | ) | |

I, _____, hereby acknowledge that I have read the Protective Order entered on _____, in connection with the above-captioned case, and am familiar with its terms.

The undersigned further acknowledges that he/she fully understands the provisions of the Protective Order, agrees to be bound by those provisions, and has been apprised of the possible penalties attendant upon a violation of any of those provisions, including but not limited to being held in contempt of Court.

_____
Name

Dated: _____